IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARA HERLIHY,<br><br>                         Plaintiff,<br><br>       v.<br><br>HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR, CARIB RESORTS INC., and BLUE ILLUSIONS, LTD.,<br><br>                         Defendants. | Case No.: 20-cv-<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1441 and based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332, HYATT CORPORATION s/h/a "HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR" ("Hyatt"), hereby files this Notice of Removal, removing this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. The grounds for such removal are as follows:

1. A civil action was commenced in the Supreme Court of the State of New York, County of New York, in which CARA HERLIHY is the plaintiff. Hyatt, the petitioner herein, is a defendant in the action. The action is entitled *Cara Herlihy v. Hyatt Corporation d/b/a Grand Hyatt Baha Mar, Carib Resorts Inc., and Blue Illusions, Ltd.* and bears Index Number 159385/2020 (hereinafter the "Action").

2. The complaint was served upon Hyatt on or about November 24, 2020. A copy of the summons and complaint is attached hereto as Exhibit "A" (hereinafter "Compl.").

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is diversity of citizenship and more than $75,000, exclusive of interest and costs, is at stake.

1

4. The Action, as currently pled, is a civil action seeking damages exceeding $75,000 for personal injury and asserting claims of negligence and breach of contract.

5. Specifically, the plaintiff alleges that while she was walking on the beach on Balmoral Island in Nassau, Bahamas, "she was caused to sustain serious, severe and permanent personal injuries due to a dangerous, defective, and unsafe condition existing thereat." *See* Compl. at ¶¶ 70-72.

6. The complaint alleges that the plaintiff is a resident of the County of Westchester in the State of New York. *See* Compl. at ¶ 1.

7. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.CS § 1332.

8. Hyatt is incorporated in the State of Delaware. Hyatt has its principal place of business in Chicago, Illinois. Hyatt is therefore a citizen, resident, and domiciliary of the States of Delaware and Illinois.

9. Carib Resorts Inc. is incorporated in the State of Florida and has its principal place of business in Miami, Florida. Carib Resorts Inc. is therefore a citizen, resident, and domiciliary of the State of Florida.

10. Blue Illusions, Ltd. is a Bahamian company and has its principal place of business in Nassau, Bahamas. Blue Illusions, Ltd. is therefore a citizen, resident, and domiciliary of the Bahamas.

11. Each defendant in the Action is therefore a citizen, resident, and domiciliary of a different state than the plaintiff, who is a resident of the State of New York.

12. Because complete diversity exists between the plaintiff and all defendants, this Action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

13. This Notice of Removal is being filed within thirty (30) days of Hyatt's receipt of the complaint, as required by 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(a), a true copy of the process, pleadings, order and documents which have been filed in the state court action are attached hereto as Exhibit A.

15. Written filing of this Notice of Removal will be given to the plaintiff promptly after the filing of the Notice of Removal, as is required by law.

16. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York as soon as possible (in light of the current public health emergency) after the filing of the Notice of Removal, as is required by law.

17. By filing this Notice of Removal, petitioner does not waive any defense which may be available to it, specifically including, but not limited to, the right to contest *in personam* jurisdiction over the petitioner, improper service of process upon the petitioner, and the absence of venue in this Court or in the court from which the Action has been removed.

18. All fees required by law in connection with this notice have been filed.

WHEREFORE, petitioner prays that this action proceed in this Court as an action properly removed thereto.

Dated: December 22, 2020
      White Plains, New York

      Respectfully submitted,

      **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

      */s/*

      Thomas M. DeMicco, Esq.
      Suma S. Thomas, Esq.
      Marielle A. Moore, Esq.
      *Attorneys for Petitioner*
      *HYATT CORPORATION*
      1133 Westchester Avenue
      White Plains, New York 10604
      Tel.: (914) 323-7000
      thomas.demicco@wilsonelser.com
      suma.thomas@wilsonelser.com
      marielle.moore@wilsonelser.com

To:    Philip V. Aiello
       McManus Ateshoglou Aiello
       & Apostolakos PLLC
       Attorneys for the Plaintiff
       48 Wall Street, 25th Floor
       New York, New York 10005

       Carib Resorts Inc.
       600 NE 36th Street, St. 39
       Miami, Florida 33137

       Blue Illusions, Ltd.
       Balmoral Island
       P.O. Box N-4839
       Nassau, New Providence, Bahamas

       Blue Illusions, Ltd.
       c/o DWF Adjusting Limited
       1 Scott Place, 2 Hardman Street
       Manchester, Great Manchester, M3 3AA
       United Kingdom