# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- x
CARA HERLIHY,
                                                                  **SUMMONS**

                                    Plaintiff,                    Index No.:_____

         -- against --                                            Date Filed:_____

HYATT CORPORATION d/b/a GRAND HYATT                               Plaintiff designates
BAHA MAR, CARIB RESORTS INC., and BLUE                            New York County
ILLUSIONS, LTD.,                                                  as the Place of Trial

                                    Defendants.                   The Basis of venue is:
                                                                  CPLR § 503(c)
                                                                  Defendant HYATT
                                                                  CORPORATION's Residence
-------------------------------------------------------------- x

**To the above-named Defendants:**

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default of relief demanded in the complaint.

Dated: New York, New York
           November 3, 2020

*[signature]*

_____
Philip V. Aiello
McMANUS ATESHOGLOU
AIELLO & APOSTOLAKOS PLLC
Attorneys for Plaintiff
48 Wall Street, 25th Floor
New York, New York 10005
Phone: (212) 425-3100
Email: paiello@maaalaw.com
File No.: PI5487

**HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR**
c/o Secretary of State
United States Corporation Company
80 State Street
Albany, New York 12207

**CARIB RESORTS INC.**
600 NE 36 Street, Ste. 39
Miami, Florida 33137

**BLUE ILLUSIONS, LTD.**
Balmoral Island
P.O. Box N-4839
Nassau, New Providence, Bahamas
c/o DWF Adjusting Limited
1 Scott Place, 2 Hardman Street
Manchester, Great Manchester, M3 3AA
United Kingdom

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------- x

CARA HERLIHY,

                          Plaintiff,

     -- against --

HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR, CARIB RESORTS INC., and BLUE ILLUSIONS, LTD.,

                        Defendants.

------------------------------------------------------------- x

**VERIFIED COMPLAINT**

Index No.:_____

Plaintiff CARA HERLIHY (hereinafter the "PLAINTIFF") by and through her undersigned attorneys, McMANUS ATESHOGLOU AIELLO & APOSTOLAKOS PLLC, as and for a Verified Complaint, upon information and belief, alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, PLAINTIFF was and still is a resident of the County of Westchester, State of New York.

2. At all times hereinafter mentioned, defendant HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR (hereinafter the "HYATT"), was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

3. At all times hereinafter mentioned, HYATT was and is a foreign business corporation duly authorized to conduct business in the State of New York.

4. At all times hereinafter mentioned, HYATT was and is a foreign business corporation duly authorized to conduct business in the Bahamas.

5. At all times hereinafter mentioned, HYATT was and is a foreign business corporation conducting business within the State of New York.

6. At all times hereinafter mentioned, HYATT was and is a foreign business corporation conducting business within the Bahamas.

7. At all times hereinafter mentioned, HYATT regularly conducted or solicited business and/or engaged in a persistent course of conduct within the State of New York.

8. At all times hereinafter mentioned, HYATT regularly conducted or solicited business and/or engaged in a persistent course of conduct within the Bahamas.

9. At all times hereinafter mentioned, HYATT derived substantial revenue from services rendered and/or provided within the State of New York.

10. At all times hereinafter mentioned, HYATT derived substantial revenue from services rendered and/or provided within the Bahamas.

11. At all times hereinafter mentioned, HYATT derived substantial revenue from interstate commerce.

12. At all times hereinafter mentioned, HYATT derived substantial revenue from engaging in business within the State of New York and the Bahamas, pursuant to an ongoing joint venture enterprise engaged in by all defendants.

13. At all times hereinafter mentioned, defendant CARIB RESORTS INC. (hereinafter "CARIB"), was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Florida.

14. At all times hereinafter mentioned, CARIB was and is a foreign business corporation duly authorized to conduct business in the State of New York.

15. At all times hereinafter mentioned, CARIB was and is a foreign business corporation duly authorized to conduct business in the Bahamas.

16. At all times hereinafter mentioned, CARIB was and is a foreign business corporation conducting business within the State of New York.

17. At all times hereinafter mentioned, CARIB was and is a foreign business corporation conducting business within the Bahamas.

18. At all times hereinafter mentioned, CARIB regularly conducted or solicited business and/or engaged in a persistent course of conduct within the State of New York.

19. At all times hereinafter mentioned, CARIB regularly conducted or solicited business and/or engaged in a persistent course of conduct within the Bahamas.

20. At all times hereinafter mentioned, CARIB derived substantial revenue from services rendered and/or provided within the State of New York.

21. At all times hereinafter mentioned, CARIB derived substantial revenue from services rendered and/or provided within the Bahamas.

22. At all times hereinafter mentioned, CARIB derived substantial revenue from interstate commerce.

23. At all times hereinafter mentioned, CARIB derived substantial revenue from engaging in business within the State of New York and the Bahamas, pursuant to an ongoing joint venture enterprise engaged in by all defendants.

24. At all times hereinafter mentioned, defendant BLUE ILLUSIONS, LTD. (hereinafter "BLUE"), was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the Bahamas.

25. At all times hereinafter mentioned, BLUE was and is a foreign business corporation duly authorized to conduct business in the State of New York.

26. At all times hereinafter mentioned, BLUE was and is a foreign business corporation duly authorized to conduct business in the Bahamas.

27. At all times hereinafter mentioned, BLUE was and is a foreign business corporation conducting business within the State of New York.

28. At all times hereinafter mentioned, BLUE was and is a foreign business corporation conducting business within the Bahamas.

29. At all times hereinafter mentioned, BLUE regularly conducted or solicited business and/or engaged in a persistent course of conduct within the State of New York.

30. At all times hereinafter mentioned, BLUE regularly conducted or solicited business and/or engaged in a persistent course of conduct within the Bahamas.

31. At all times hereinafter mentioned, BLUE derived substantial revenue from services rendered and/or provided within the State of New York.

32. At all times hereinafter mentioned, BLUE derived substantial revenue from services rendered and/or provided within the Bahamas.

33. At all times hereinafter mentioned, BLUE derived substantial revenue from interstate commerce.

34. At all times hereinafter mentioned, BLUE derived substantial revenue from engaging in business within the State of New York and the Bahamas, pursuant to an ongoing joint venture enterprise engaged in by all defendants.

35. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT owned the premises referred to and known as Balmoral Island, and the beach area adjacent thereto (hereinafter the "Premises").

36. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT leased the Premises.

37. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT operated the Premises.

38. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT managed the Premises.

39. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT supervised the Premises.

40. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT inspected the Premises.

41. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT controlled the Premises.

42. At all times hereinafter mentioned, including on or about June 30, 2019, HYATT maintained the Premises.

43. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB owned the Premises.

44. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB leased the Premises.

45. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB operated the Premises.

46. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB managed the Premises.

47. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB supervised

the Premises.

48. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB inspected the Premises.

49. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB controlled the Premises.

50. At all times hereinafter mentioned, including on or about June 30, 2019, CARIB maintained the Premises.

51. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE owned the Premises.

52. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE leased the Premises.

53. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE operated the Premises.

54. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE managed the Premises.

55. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE supervised the Premises.

56. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE inspected the Premises.

57. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE controlled the Premises.

58. At all times hereinafter mentioned, including on or about June 30, 2019, BLUE maintained the Premises.

59. At all times hereinafter mentioned, including on or about June 30, 2019, defendants HYATT, CARIB, and BLUE (collectively hereinafter, "DEFENDANTS"), jointly owned the Premises pursuant to their ongoing joint venture enterprise.

60. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS, jointly owned the Premises pursuant to their ongoing joint venture enterprise.

61. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS, jointly leased the Premises pursuant to their ongoing joint venture enterprise.

62. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS jointly operated the Premises pursuant to their ongoing joint venture enterprise.

63. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS jointly managed the Premises pursuant to their ongoing joint venture enterprise.

64. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS jointly maintained the Premises pursuant to their ongoing joint venture enterprise.

65. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS jointly supervised the Premises pursuant to their ongoing joint venture enterprise.

66. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS jointly inspected the Premises pursuant to their ongoing joint venture enterprise.

67. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS jointly controlled the Premises pursuant to their ongoing joint venture enterprise.

68. At all times hereinafter mentioned, including on or about June 30, 2019, DEFENDANTS jointly maintained the Premises pursuant to their ongoing joint venture enterprise.

69. At all times hereinafter mentioned, including on or about June 30, 2019, it was the duty of the DEFENDANTS to own, lease, operate, manage, supervise, inspect, control and maintain the

Premises in a reasonably safe and suitable condition and in good repair.

## THE UNDERLYING FACTS

70. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "69" of this Complaint with the same force and effect as if fully set forth herein.

71. On or about June 30, 2019, PLAINTIFF was lawfully upon the Premises, traversing upon the beach area located thereat.

72. On or about June 30, 2019, while PLAINTIFF was lawfully upon the Premises, she was caused to sustain serious, severe and permanent personal injuries due to a dangerous, defective, and unsafe condition existing thereat (hereinafter the "Accident").

73. At the time of the Accident, PLAINTIFF was exercising the degree of care for her own safety that a reasonably prudent person would exercise under similar circumstances, and the Accident was caused solely by the dangerous, unsafe and defective condition of the Premises.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

74. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "73" of this Complaint with the same force and effect as if fully set forth herein.

75. The Accident was caused by reason of the negligence of DEFENDANTS, their agents, servants, and/or employees, in the ownership, possession, operation, management, maintenance, supervision, inspection, and control of the Premises; in creating a dangerous, defective, and unsafe condition; in failing to properly inspect, remedy, and/or remove the dangerous, defective, and unsafe condition; in permitting and allowing the Premises to be,

become, and remain in a dangerous, defective, and unsafe condition; in failing to warn; in creating a trap, hazard, nuisance, and public nuisance; in failing to take adequate precautions and measures to prevent the Accident; and were otherwise reckless, careless, and negligent.

76. DEFENDANTS had actual and constructive notice of the dangerous, unsafe and defective condition of the Premises, which had existed for a significant period of time prior to the time of the Accident, and had sufficient opportunity to repair the dangerous, unsafe and defective condition of the Premises prior to the time of the Accident.

77. The alleged occurrence and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in the way DEFENDANTS owned, possessed, operated, maintained, managed, inspected, and controlled the Premises, without PLAINTIFF in any way contributing thereto.

78. As a direct and proximate result of the Accident, PLAINTIFF was severely injured and damaged, rendered sick, sore, lame, and disabled, and was caused to suffer severe and serious personal injuries, to mind and body, including, but not limited to, significant disfigurement and scarring, resulting in a great deal of physical pain, mental anguish, and a decrease in enjoyment of life.

79. As a direct and proximate result of the Accident, PLAINTIFF incurred and in the future will incur further hospital and/or medical expenses in an effort to be cured of said injuries; requires future surgical intervention; has suffered and in the future will necessarily suffer additional loss of earnings from employment; and will be unable to pursue the usual duties with same degree of efficiency as she did prior to the occurrence.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST BLUE

80. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "79" of this Complaint with the same force and effect as if fully set forth herein.

81. On or about December 2019, PLAINTIFF and BLUE entered into an agreement in full and final settlement of PLAINTIFF'S claims against BLUE arising out of any loss, damage, and/or expenses suffered by PLAINTIFF as a result of the Accident.

82. As part of the settlement agreement, a General Release was executed between PLAINTIFF and BLUE. A copy of the General Release is annexed hereto as **Exhibit "A"**.

83. The General Release was fully executed on or about March 5, 2020.

84. Pursuant to the settlement agreement and terms of the General Release, BLUE consented to jurisdiction in Supreme Court of the State of New York. More specifically, the General Release states as follows:

> Any dispute arising out of this Release, or related to the enforcement of this Release, shall be subject to the jurisdiction of the Supreme Court of the State of New York. [BLUE] hereby consents to jurisdiction of the Supreme Court of the State of New York, and in the event that [PLAINTIFF] seeks enforcement of this release for non-payment of settlement funds, or any other provision contained herein, [Blue] consents to service of any future legal documents arising out of this incident and this Release being made upon any adult employed at DWF Adjusting Limited, 1 Scott Place, 2 Hardman Street, Manchester, Great Manchester, M3 3AA, United Kingdom, or as otherwise set forth in the New York State CPLR.

85. Pursuant to the settlement agreement and terms of the General Release, BLUE was required to tender payment of the full settlement funds ($15,000.00) within ten (10) business days from the date of the execution of the General Release.

86. More than ten (10) days have elapsed since final execution of the General Release and to date, no part of the settlement funds have been paid to PLAINTIFF.

87. Accordingly, a sum no less than $15,000.00 is due and owing from BLUE to PLAINTIFF.

88. By reason of the foregoing, BLUE has breached its agreement with PLAINTIFF.

89. By reason of the foregoing, PLAINTIFF is entitled to payment in the sum of at least $15,000.00 from BLUE, together with the legal fees, costs and expenses incurred in the prosecution of the within action and all damages arising as a result of BLUE'S breach of the agreement.

90. By reason of the foregoing, one or more of the provisions of § 1602 of the Civil Practice Law and Rules do not apply to the within action.

91. By reason of the foregoing, PLAINTIFF was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** PLAINTIFF demands judgment against DEFENDANTS in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction, together with interest, costs, and disbursements.

Dated: New York, New York
November 3, 2020

_____
Philip V. Aiello
McMANUS ATESHOGLOU
AIELLO & APOSTOLAKOS PLLC
Attorneys for Plaintiff
CARA HERLIHY
48 Wall Street, 25th Floor
New York, New York 10005
Phone: (212) 425-3100
Email: paiello@maaalaw.com
File No.: PI5487

ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice in the courts of the State of New York, affirms and verifies the following:

That I am a member of, or counsel to McManus Ateshoglou Aiello & Apostolakos PLLC the attorney of record for the Plaintiff.

I have read the foregoing COMPLAINT, and know the contents thereof, and that all allegations contained therein are true as to my own knowledge except as to those allegations stated to be upon information and belief, and as to those allegations, I believe them to be true.

As to those allegations stated to be upon information and belief, the basis of my belief as to their truth is a review of the files maintained in my office in connection with this case and an investigation and reports contained in said files.

The reason I make this verification instead of the Plaintiff is that Plaintiff is not presently within the county where this firm maintains its offices.

Dated: New York, New York
November 3, 2020

_____
Philip V. Aiello

# EXHIBIT "A"

# RELEASE

CARA HERLIHY, c/o Matthew Herlihy, as attorney acting on her behalf, hereby agrees and accepts the sum of fifteen thousand dollars and zero cents ($15,000.00), in full and final settlement of all claims arising out of all loss, damage, and expenses suffered by CARA HERLIHY to date, or hereafter, as a result of an accident occurring on Sunday, June 30th, 2019, at Blue Illusions Limited, Balmoral Island, P.O. Box N-4839, Nassau, New Providence, Commonwealth of the Bahamas (hereinafter to be referenced as "The Hotel").

Following the execution of this release, The Hotel shall deliver to CARA HERLIHY, via BACS transfer to the checking account set forth below, the full settlement funds in the amount of fifteen thousand dollars and zero cents ($15,000.00).

Account No.: ▉▉▉▉▉▉▉▉
Sort Code: N/A
Swift Code: ▉▉▉▉▉▉▉▉
ABA No.: ▉▉▉▉▉▉▉▉

The Hotel, its employees, agents, and those involved with the processing of payment of the aforementioned settlement funds, shall keep the terms, contents, and existence of the banking account information for CARA HERLIHY confidential.

In the event that The Hotel fails to properly tender payment of the full settlement funds within ten (10) business days from the date of the execution of this Release, CARA HERLIHY reserves the right to revoke this Release and seek all available legal remedies.

Regardless where executed, this Release shall be deemed to have been made and performed in the State of New York. All rights arising under this Release, and all disputes and controversies arising from or in connection with this Release, shall be governed by and determined in accordance with the internal substantive and remedial laws of New York only, and without regard for any choice of laws rules.

Any dispute arising out of this Release, or related to the enforcement of this Release, shall be subject to the jurisdiction of the Supreme Court of the State of New York. The Hotel hereby consents to the jurisdiction of the Supreme Court of the State of New York, and in the event that CARA HERLIHY seeks enforcement of this release for non-payment of settlement funds, or any other provision contained herein, The Hotel consents to service of any future legal documents arising out of this incident and this Release being made upon any adult employed at DWF Adjusting Limited, 1 Scott Place, 2 Hardman Street, Manchester, Great Manchester, M3 3AA, United Kingdom, or as otherwise set forth in the New York State CPLR.

This Release sets forth the entire agreement and understanding between the Parties. Any modifications to this Release must be in writing and signed by all parties hereto. Neither party has relied on any oral statements that are not included in this Release. This Release supersedes all prior agreements and understandings concerning the subject matter of this Release.

Signed: *C Herlihy* / *[signature] Budwick, Controller*
Print: Cara Herlihy / Eli Budwick
Address: 2 Eklof Court / 600 NE 36 St
Croton, NY 10520 / Miami Fl 33137
Dated: 12/17/2019 / 3/5/2020

Witness: *[signature]*
Print: Matthew Herlihy
Address: 1133 Westchester Ave.
White Plains, NY 10604

SUPREME COURT OF THE STATE OF NEW YORK    INDEX NO.:
COUNTY OF NEW YORK

CARA HERLIHY,

                              Plaintiff,

      -- against --

HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR, CARIB RESORTS INC., and BLUE ILLUSIONS, LTD.,

                             Defendants.

## SUMMONS and VERIFIED COMPLAINT

**McMANUS ATESHOGLOU AIELLO & APOSTOLAKOS PLLC**
*Attorneys for Plaintiff*
CARA HERLIHY
48 Wall Street, 25th Floor
New York, New York 10005
(212) 425-3100
Fax: (212) 425-3175