**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CARA HERLIHY,

Plaintiff,

v.

HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR, CARIB RESORTS INC., and BLUE ILLUSIONS, LTD.,

Defendants.

Case No.: 20-cv-10885

**HYATT CORPORATION'S VERIFIED ANSWER WITH CROSS-CLAIMS**

Defendant HYATT CORPORATION s/h/a "HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR," ("HYATT"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Answer to Plaintiff's Verified Complaint ("Complaint"), states as follows, and hereby denies each and every allegation not expressly admitted herein:

**AS AND FOR A RESPONSE TO THE COMPLAINT**

1. HYATT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. HYATT denies the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the Complaint, except admits that HYATT is incorporated in the State of Delaware.

3. HYATT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34 of the Complaint.

4. HYATT denies the truth of the allegations contained in paragraphs 35, 36, 37, 38, 39, 40, 41 and 42 of the Complaint.

5. HYATT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57 and 58 of the Complaint.

6. HYATT denies the truth of the allegations contained in paragraphs 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 of the Complaint.

7. HYATT denies the truth of the allegations contained in paragraph 69 of the Complaint and defers all questions of law to the Court.

**AS AND FOR A RESPONSE TO THE UNDERLYING FACTS**

8. HYATT repeats, reiterates and realleges each and every response to the paragraphs numbered 1 through 69 of the Complaint, with the same force and effect as though fully set forth herein, in response to paragraph 70 of the Complaint

9. HYATT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 71, 72 and 73 of the Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

10. HYATT repeats, reiterates and realleges each and every response to the paragraphs numbered 1 through 73 of the Complaint, with the same force and effect as though fully set forth herein, in response to paragraph 74 of the Complaint.

11. HYATT denies the truth of the allegations contained in paragraphs 75, 76, 77, 78 and 79 of the Complaint and defers all questions of law to the Court.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION AGAINST BLUE ILLUSIONS, LTD.**

12. HYATT repeats, reiterates and realleges each and every response to the paragraphs numbered 1 through 79 of the Complaint, with the same force and effect as though fully set forth herein, in response to paragraph 80 of the Complaint.

13. HYATT denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 81, 82, 83, 84, 85, 86, 87, 88, and 89 of the Complaint.

14. HYATT denies the truth of the allegations set forth in paragraphs 90 and 91 of the Complaint and defers all questions of law to the Court.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

One or more claims asserted in the Complaint are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The damages alleged to have been sustained by the Plaintiff, if any, were caused in whole or in part by the contributory negligence and culpable conduct of the Plaintiff, without any culpable conduct on the part of HYATT and, therefore, the amount of damages, if any, recovered by the Plaintiff should be dismissed in that proportion to which the culpable conduct attributed to the Plaintiff bears to the culpable conduct which caused said damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

Any damages suffered by the Plaintiff, if any, were the result of the contractual breach, culpable conduct or fault of other persons/entities for whose conduct HYATT is not legally responsible.

**FIFTH AFFIRMATIVE DEFENSE**

HYATT's liability, if any, shall be limited to its equitable share of the total liability as compared to those persons or individuals and/or others whom Plaintiff has not named herein.

**SIXTH AFFIRMATIVE DEFENSE**

In the event that the Plaintiff recovers judgment against HYATT, in whole or in part, for the injuries allegedly sustained by the Plaintiff, HYATT is entitled to a set-off or reduction for any damages awarded for economic loss, and for any such past or future costs or expenses which were or will, with reasonable certainty, be reimbursed or indemnified in whole or in part from any collateral source including, but not limited to, insurance.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, all risks and damages connected with the incident alleged in the Complaint, were, at the time and place mentioned, obvious and apparent and were known to the Plaintiff who assumed the risk of his injuries or damages. Accordingly, the claims alleged in the Complaint are barred, in whole or in part, by principles of assumption of risk.

**EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to the General Obligations Law, Plaintiff's claim is barred in whole, or diminished in part, in an amount fairly allocable to any party with which Plaintiff has settled or may settle.

**NINTH AFFIRMATIVE DEFENSE**

Real and necessary parties in interest have not been identified and named formally as parties in this matter.

**TENTH AFFIRMATIVE DEFENSE**

Any injuries or damages allegedly sustained by the Plaintiff were caused or contributed to in whole or in part by the Plaintiff's failure to mitigate Plaintiff's damages, and, if any judgment is recovered against this answering defendant, said judgment should be apportioned and reduced by the percentage of the Plaintiff's failure to mitigate said injuries or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Without relieving the Plaintiff of his burden of proof of establishing injuries or damages, if any, any damages sustained by the Plaintiff were proximately caused, or contributed to by the intervening or superseding intentional conduct or negligence of third-parties that the Plaintiff has not named in this action and for whom HYATT is not responsible.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint must be dismissed based on the spoliation of evidence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over this answering defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

One or more of the claims must be barred based on the doctrine of unclean hands and/or in pari delecto.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint must be dismissed based on the lack of damages, or that the damages are inconsequential and de minimis.

**SIXTEENTH AFFIRMATIVE DEFENSE**

One or more of the Plaintiff's claims is barred by waiver and/or estoppel and/or laches and/or release.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Answering defendant had no duty to plaintiff.

**EIGHTHTEENTH AFFIRMATIVE DEFENSE**

This claim is barred by accord and satisfaction.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT BLUE ILLUSIONS, LTD.**

Upon information and belief, that if and in the event Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part by reason of the wrongful conduct of co-defendant**,** there being no active or primary wrong-doing on the part of the answering defendant contributing thereto. By reason of the foregoing, the answering defendant is entitled to full indemnity and/or contribution from and to judgment over and against said co-defendant for all or part of any verdict or judgment which Plaintiff may recover against the answering defendant.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT BLUE ILLUSIONS, LTD.**

Upon information and belief, that if and in the event that plaintiff sustained the injuries and damages complained of, such injuries and damages were caused, in whole or in part, by reason of the culpable conduct and breach of contract of co-defendant BLUE ILLUSIONS, LTD. By reason of the foregoing, in the event that any judgment or verdict is recovered against answering defendant, answering defendant is entitled to contractual indemnification from and to judgment over and against said co-defendant.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CARIB RESORTS, INC.**

Upon information and belief, that if and in the event Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part by reason of

the wrongful conduct of co-defendant CARIB RESORTS, INC., there being no active or primary wrong-doing on the part of the answering defendant contributing thereto. By reason of the foregoing, the answering defendant is entitled to full indemnity and/or contribution from and to judgment over and against said co-defendant for all or part of any verdict or judgment which Plaintiff may recover against the answering defendant.

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT CARIB RESORTS, INC.**

Upon information and belief, that if and in the event Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused, in whole or in part, by reason of the culpable conduct and breach of contract of co-defendant CARIB RESORTS, INC. By reason of the foregoing, in the event that any judgment or verdict is recovered against answering defendant, answering defendant is entitled to contractual indemnification from and to judgment over and against said co-defendant.

**WHEREFORE**, Defendant HYATT demands judgment dismissing Plaintiff's Complaint, granting HYATT's cross-claims, together with all costs and disbursements of this action, including reasonable attorneys' fees, and such other costs as this Court deems just and proper.

Dated: White Plains, New York
December 30, 2020

Respectfully yours,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Thomas M. DeMicco, Esq.
Suma S. Thomas, Esq.
Marielle A. Moore, Esq.
*Attorneys for Petitioner*
*HYATT CORPORATION*
1133 Westchester Avenue
White Plains, New York 10604
Tel.: (914) 323-7000
thomas.demicco@wilsonelser.com
suma.thomas@wilsonelser.com
marielle.moore@wilsonelser.com

To: Philip V. Aiello
McManus Ateshoglou Aiello
& Apostolakos PLLC
*Attorneys for the Plaintiff*
48 Wall Street, 25th Floor
New York, New York 10005

Carib Resorts Inc.
600 NE 36th Street, St. 39
Miami, Floria 33137

Blue Illusions, Ltd.
Balmoral Island
P.O. Box N-4839
Nassau, New Providence, Bahamas

Blue Illusions, Ltd.
c/o DWF Adjusting Limited
1 Scott Place, 2 Hardman Street
Manchester, Great Manchester, M3 3AA
United Kingdom

**ATTORNEY VERIFICATION**

**Suma S. Thomas**, an attorney duly admitted to practice law before the Courts of the State of New York, aware of the penalties for perjury, affirms the following to be true:

I am an associate of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, the attorneys for the Defendant HYATT CORPORATION s/h/a "HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR," ("HYATT"). I have read the foregoing VERIFIED ANSWER and know the contents thereof; and the contents are true to my own knowledge, except as to matters therein stated to be true upon information and belief, as to those matters, I believe them to be true.

The reason this Verification is made by your Affirmant and not by HYATT, is that HYATT is not within the County of Westchester, which is the County wherein I maintain offices.

The source of my knowledge, information and belief, is from communications had with HYATT and from memoranda, documents, reports and other related records in the file pertaining to this action, which file is in my possession.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: December 30, 2020
White Plains, New York

Suma S. Thomas
Suma S. Thomas

**CERTIFICATE OF SERVICE**

I, Marielle A. Moore, Esq., hereby certify that on December 30, 2020, I served a copy of this VERIFIED ANSWER and Verification by depositing same in the United States Mail, with adequate postage thereon, addressed as follows:

Philip V. Aiello
McManus Ateshoglou Aiello & Apostolakos PLLC
*Attorneys for the Plaintiff*
48 Wall Street, 25th Floor
New York, New York 10005

Carib Resorts Inc.
600 NE 36th Street, St. 39
Miami, Floria 33137

Blue Illusions, Ltd.
Balmoral Island
P.O. Box N-4839
Nassau, New Providence, Bahamas

Blue Illusions, Ltd.
c/o DWF Adjusting Limited
1 Scott Place, 2 Hardman Street
Manchester, Great Manchester, M3 3AA
United Kingdom

Marielle Moore



11406243v.1