IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CARA HERLIHY,

                Plaintiff,

    v.

HYATT CORPORATION d/b/a GRAND
HYATT BAHA MAR, CARIB RESORTS
INC., and BLUE ILLUSIONS, LTD.,

                Defendants.

Case No.: 20-cv-10885 (MKV)

**MOVANT'S STATEMENT OF UNDISPUTED FACTS**

                Thomas M. DeMicco, Esq.
                Suma S. Thomas, Esq.
                1133 Westchester Avenue
                White Plains, New York 10604
                Telephone:  914-323-7000
                Facsimile:  914-323-7001
                e-mail:  Thomas.DeMicco@wilsonelser.com
                File No.:  10888.00841

                ATTORNEYS FOR DEFENDANT
                HYATT CORPORATION i/s/h/a *HYATT*
                *CORPORATION d/b/a*
                *GRAND HYATT BAHA MAR*

11593587v.1

Pursuant to Local Civil Rule 56.1, Hyatt Corporation *i/s/h/a Hyatt Corporation d/b/a Grand Hyatt Baha Mar* ("Hyatt Corp.") asserts the following Statement of Undisputed Facts:

1. Plaintiff alleges that on or about June 30, 2019, she was caused to sustain personal injuries due to an alleged dangerous condition existing on Balmoral Island and the beach adjacent thereto ("Premises"), in The Commonwealth of the Bahamas.  (See Complaint, ECF no. 1, Attachment #1 at ¶¶ 35, 72)

2. Plaintiff brought suit against Hyatt Corp. alleging that Hyatt Corp. owns, leased, managed, supervised, inspected, maintained and controlled the Premises, independently or based on an ongoing joint venture enterprise with codefendants Carib Resorts and Blue Illusions, Ltd. (Id. at ¶¶ 35-42)

3. Plaintiff's Complaint alleges that Hyatt Corp. conducted business in New York, solicited business in New York, engaged in a persistent course of conduct within the State of New York, derived substantial revenue from services rendered and/or provided within the State of New York and derived substantial revenue from engaging in business within the State of New York and the Bahamas, pursuant to an ongoing joint venture enterprise engaged in by all defendants. (Id. at ¶¶ 3, 5, 7, 9, 12.)  Hyatt Corp. has denied these allegations in its Answer to the Complaint, and asserted as an affirmative defense, that this Court lacks Personal Jurisdiction over Hyatt Corp. (See Hyatt Answer, ECF no. 6 at ¶ 2, Thirteenth Affirmative Defense.)

4. Plaintiff Cara Herlihy is attempting to invoke the jurisdiction of the courts of New York over nonresident defendant Hyatt Corp.  (See Complaint, Ecf. no. 1, Attachment #1)

5. The Declaration of Christina Urbanksi, Assist Secretary for Hyatt Corp., establishes there are no genuine issues of material fact to dispute that this Court lacks personal jurisdiction

over nonresident defendant Hyatt Corp. (See the Declaration of Christina Urbanski ("Urbanski Dec.")

6. Baha Mar is a resort complex on the island of New Providence in The Commonwealth of The Bahamas. (Urbanski Dec. ¶ 3)

7. Hyatt Corp. is incorporated in the State of Delaware and maintains its principal place of business in Chicago, Illinois. (Id. at ¶2)

8. Hyatt Corp. is a separate legal entity from Blue Illusions and Carib Resorts. (Id. at ¶ 7)

9. Hyatt Corp. does not manage Baha Mar and is not a proper party to this action. The Baha Mar is managed by Hyatt Service Caribbean L.L.C. (Id. at ¶ 4).

10. Hyatt Corp. does not have any operational responsibility or direct ownership interest in the Baha Mar property or any portion of the facilities that comprise the resort that is commonly known as "Baha Mar". (Id. at ¶ 5)

11. Hyatt Corp. does not have a joint venture with Blue Illusions and/or Carib Resorts. (Id. at ¶8)

12. Hyatt Corp. does not own, maintain or have control of Balmoral Island and/or the beach adjacent to it. (Id. at ¶ 9)

13. Hyatt Corp. is not involved in the arrangement, supervision or control of day trips to Balmoral Island and the beach adjacent to it. (Id. at ¶ 10)

14. Hyatt Corp. does not own, maintain or have control over any umbrella stands located on Balmoral Island and/or the beach adjacent to it. (Id. at ¶ 11)

15. Hyatt Corp. was not a party to the Release Agreement signed between Plaintiffs and Blue Illusions. (Id. at 13)

Dated: White Plains, New York
      March 4, 2021

                                        Respectfully submitted,

                                        _____
                                        **Thomas M. DeMicco**