USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
#:
DATE FILED: 3/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARA HERLIHY,

                Plaintiff,

-against-

HYATT CORPORATION d/b/a GRAND HYATT BAHA MAR, CARIB RESORTS INC., and BLUE ILLUSIONS, LTD.,

                Defendants.

1:20-cv-10885 (MKV)

**OPINION AND ORDER
REMANDING CASE**

---

MARY KAY VYSKOCIL, United States District Judge:

After holding an Initial Pre-Trial Conference with Plaintiff Cara Herlihy and Defendant Hyatt Corporation [ECF No. 13], the Court granted Hyatt Corporation leave to file a motion to dismiss this action which had been removed from state court. *Id.* Thereafter, without leave, Hyatt Corporation filed a premature and improper motion for summary judgment. [ECF No. 19]. After a review of the Parties submissions in connection with that motion [ECF Nos. 21, 28, 29], the Court has—as it is independently obligated to do—assessed whether it has subject matter jurisdiction to hear this removed action. *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017). The Court concludes that it is without subject matter jurisdiction to hear the case, and, as such, the case must be remanded to state court for any further proceedings.

## BACKGROUND

### A. *Factual Background*

The background of this case is relatively straight forward. Plaintiff Carla Herlihy alleges that in June 2019, while on the beach at Balmoral Island in the Bahamas, she "was caused to sustain serious, severe and permanent personal injuries due to a dangerous, defective, and unsafe

1

condition existing thereat." [ECF No. 1-1] ("Compl.") ¶¶ 34, 35, 72.  As a result of that injury, Plaintiff "was severely injured and damaged, rendered sick, sore, lame, and disabled, and was caused to suffer severe and serious personal injuries, to mind and body" including "disfigurement and scarring."  Compl. ¶ 78.  Accordingly, she will "incur further hospital and/or medical expenses in an effort to be cured of said injuries; requires future surgical intervention; has suffered and in the future will necessarily suffer additional loss of earnings from employment."  Compl. ¶ 79.

Plaintiff alleges that in order to resolve any claims Plaintiff might have had with respect to the injury sustained on the beach, Defendant Blue Illusions, Ltd. ("Blue") and Plaintiff "entered into an agreement in full and final settlement," in December 2019 pursuant to which Blue was to pay Plaintiff $15,000 (the "Settlement Amount").  Compl. ¶¶ 81, 85.  According to Plaintiff, Blue never paid the settlement amount.  Compl. ¶ 86.

**B.**     ***Procedural Background***

On November 3, 2020, Plaintiff sued Hyatt Corporation d/b/a/ Grand Hyatt Baha Mar, Carib Resorts, Inc., and Blue Illusions, Ltd. (the "Defendants") in the Supreme Court of the State of New York, County of New York.  *See generally* Compl. [ECF No. 1-1].  That Complaint alleges what appears to be a negligence claim against all Defendants, and a breach of contract claim in the amount of $15,000 against Blue.  Defendant Hyatt Corporation was served on November 24, 2020. [ECF No. 1] ("Notice of Removal" or "Notice").  Hyatt Corporation then timely removed the Complaint to this Court on December 23, 2020 pursuant to 28 U.S.C. § 1441, invoking the Court's diversity jurisdiction.  *See* Notice at 1; 28 U.S.C. § 1332.  In the Notice, Hyatt Corporation states that "there is diversity of citizenship and more than $75,000, exclusive of interest and costs [] at stake."  Notice ¶ 3.  In addition to describing the diverse citizenship of the parties, Compl. ¶¶ 6-11, Hyatt Corporation claims that the action "is a civil

action seeking damages exceeding $75,000 for personal injury and asserting claims of negligence and breach of contract." *See* Notice ¶ 4-5.

## DISCUSSION

**I.      THE COURT LACKS SUBJECT MATTER JURISDICTION**

Because Hyatt Corporation removed this case on the basis of the Court's diversity jurisdiction, Notice at 1, it bears the burden of demonstrating that diversity jurisdiction actually exists. *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994). In addition to diversity of citizenship, Hyatt Corporation must show that the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied. *Lupo*, 28 F.3d at 273; 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000"). Given "congressional intent to restrict federal court jurisdiction" and "the importance of preserving the independence of state governments," the Court must "construe the removal statute narrowly, resolving any doubts against removability." *Id.* at 274 (internal citation omitted). Where a complaint does not clearly state the amount in controversy, the removing party must "allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount," otherwise the Court lacks jurisdiction to hear the case. *Id.* at 273-74. Hyatt Corporation fails to allege *any* facts establishing the amount in controversy in this case.

Hyatt Corporation baldly claims in the removal papers that this "is a civil action seeking damages exceeding $75,000." Notice ¶ 4. While Plaintiff's Complaint does allege that Blue breached an alleged contract under which Plaintiff was owed $15,000, Compl. ¶ 87, Hyatt Corporation focuses on the personal injury allegation in its Notice of Removal. Notice ¶ 5. As best the Court understands the Notice of Removal, Hyatt Corporation appears to allege that the remaining $60,001 needed to satisfy the amount in controversy threshold derives from the allegedly "serious, severe and permanent personal injuries due to a dangerous, defective, and

3

unsafe condition existing" on the beach.  Notice ¶ 5 (quoting Compl. at ¶¶ 70-72).  However, Plaintiff makes no monetary demand with respect to her personal injury and does not particularize these injuries.  *See* Compl. ¶¶ 74-79.

Complaints filed in the Supreme Court of New York must comply with New York state law pleading requirements.  Pursuant to New York Civil Practice Law and Rule § 3017(c), an "action to recover damages for personal injuries" must "contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."  It should therefore come as no surprise that Plaintiff's Complaint makes no mention of the amount of damages allegedly incurred with respect to Plaintiff's personal injury.

On removal, however, Hyatt Corporation bears the burden to establish a sufficient amount in controversy to justify jurisdiction under 28 U.S.C. § 1332.  *Lupo*, 28 F.3d at 273 (where complaint is silent, defendant must allege adequate facts).  Hyatt Corporation's pithy Notice falls far short.  For example, Hyatt Corporation does not even cite in its Notice of Removal the generalized allegations that Plaintiff "in the future will incur further hospital and/or medical expenses in an effort to be cured of said injuries; requires future surgical intervention; has suffered and in the future will necessarily suffer additional loss of earnings from employment."  Compl. ¶ 79.  Even if it had done so, those generalized and conclusory allegations do not permit the Court to draw the reasonable inference that the amount in controversy requirement is met.  *See, e.g.*, *Justino v. Wal-Mart Stores, Inc.*, 2021 WL 961764, at *2 (S.D.N.Y. Mar. 15, 2021) (remanding case where "the only allegations about the amount in controversy are Plaintiff's generalized allegations of damages and Defendant's insistence that such damages *must* exceed $75,000); *Brown v. NutriBullet, LLC*, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (remanding where the complaint alleged plaintiff "suffer[ed] personal

4

injuries requiring medical treatment, including but not limited to burns to his face and body and corneal burns to his right eye, [] was [] sick, sore and lame and . . . suffer[ed] great pain and emotional distress" (alterations in original)); *Perez v. Smith*, 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019) (defendant did not satisfy burden to establish amount in controversy simply by submitting proof that "plaintiff is claiming injuries to his neck, back, right shoulder, right ankle and right knee, has been receiving physical therapy, seen by pain management physician, and has been recommended for surgery of his right knee which is in the process of being scheduled"); *Burtis v. Samin*, 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (no reasonable inference regarding amount in controversy could be drawn from allegations in complaint that plaintiff "suffered serious and severe injuries to his neck, left shoulder, right forearm, mid back, lower back, and right knee"); *Camden v. CVS Albany LLC*, (E.D.N.Y. Jan. 14, 2022) (no amount in controversy met where complaint asserted generalized allegations that plaintiff "'suffered certain and severe injuries,' 'incur[red] and continues to incur expenses for medical care,'" and "will undergo an unspecified surgery").

The Court notes that while New York Civil Practice Law and Rule § 3017(c) prohibits a specific request for monetary damages in a complaint, that same rule provides that a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." Hyatt Corporation was therefore not without recourse to determine the amount in controversy before it prematurely removed this case. *Herrera v. Terner*, 2016 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) ("Rather than prematurely removing the action to this Court, Defendant should have availed himself of this law, pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages."). Because Hyatt Corporation alleges no facts giving rise to a reasonable inference

that the amount in controversy exceeds $75,000, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and removal was improper.

## II.     THIS CASE SHALL BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). This provision authorizes a district court to remand a case *sua sponte* at any time upon finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006). Hyatt Corporation here fails to meet its burden of showing that the jurisdictional amount in controversy required for diversity jurisdiction is satisfied. The Court therefore is compelled to remand for lack of federal subject matter jurisdiction.[1]

## CONCLUSION

The Court *sua sponte* determines that it lacks subject matter jurisdiction to entertain this case. The Clerk of the Court respectfully is requested to terminate the motion at ECF No. 19, and remand this case to New York Supreme Court for further proceedings.

**SO ORDERED.**

**Date:   March 18, 2022**
         **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[1] The Court acknowledges that this case was removed a little over a year ago. Nevertheless, "[a] district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). The Court therefore is constrained to remand the case. *See Agha v. Ramirez*, 2020 WL 6200185, at *1-3 (E.D.N.Y. Oct. 21, 2020) (court *sua sponte* remanded case that had been litigated for almost two years because the defendants' notice of removal did not sufficiently establish the amount in controversy required for diversity jurisdiction).

6